```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

```
CARMEN J. PAGAN-TEAL,

         Plaintiff,                  HONORABLE JOSEPH E. IRENAS

    v.                               CIVIL ACTION NO. 11-3280
                                            (JEI/KMW)
THE HARTFORD, CONTINENTAL
CASUALTY CO., et al.                        OPINION

         Defendants.
```

**APPEARANCES:**

STEPHEN W. GUICE, P.C.
By: Stephen W. Guice, Esq.
413 Clements Bridge Road
Barrington, NJ 08007
    Counsel for Plaintiff

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP.
By: Joshua Bacharach, Esq.
Independence Square West
The Curtis Center- Suite 1130 East
Philadelphia, PA 19106-3308
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    Plaintiff Carmen J. Pagan-Teal brings this action claiming breach of contract by Hartford Life Accident Insurance Company ("Hartford"),[1] and Continental Casualty Company ("Continental,"

---

[1] Improperly plead as "The Hartford."

and together with Hartford, the "Defendants").[2]  Pending before the Court is the Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons stated herein, the Motion will be granted.

**I.**

On June 1, 2004, the Defendants issued a $251,000 accidental death and dismemberment insurance policy ("the Policy") to Wilbert Teal.[3] (Defs.' Mot. to Dismiss p. 5) The Plaintiff was the designated beneficiary of the Policy. (Compl. ¶ 3)

Pursuant to its terms, the Policy would pay an accidental death benefit to the beneficiary when an "injury" resulted in loss of life. The Policy defined "injury" as any "bodily injury caused by an accident which occurs while the person is covered under this policy and that results, directly and independently of all other causes, in loss covered by this policy." (Bachrach Dec. Ex. B) The Policy excluded from the definition of "injury" any injury caused by or resulting from "alcoholic intoxication or influence of drugs unless taken as prescribed by a physician." (*Id.*)

---

[2]  Because the Court maintains diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, the state law of New Jersey controls in this case. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938).

[3]  Continental issued the Policy to Wilbert Teal. (Defs.' Mot. to Dismiss p. 5) Continental was later acquired by Hartford. *Id.* At the time Plaintiff submitted her claim for benefits, Hartford was the claim administrator. *Id.*

The Policy also contained a provision which imposed a time limit on when legal actions could be filed against the insurer: "[n]o action can be brought after three years. . . from the date written proof [of loss] is required." (*Id.*) Written proof of loss is required within 90 days of the loss. (*Id.*) Therefore, Plaintiff had three years and ninety days from the date of the loss (the "Period") to file suit under the terms of the Policy.[4]

After undergoing a surgical procedure, Wilbert Teal died on April 29, 2005.[5] (Compl. ¶ 3) There is a factual dispute between the Plaintiff and Defendants as to the cause of death of Wilbert Teal. Plaintiff claims that Wilbert Teal died as a result of an adverse effect of prescription medication. (Compl. ¶ 3) Defendants claim that Wilbert Teal died after the ingestion of unprescribed medications. (Bachrach Dec. Ex. C)

Plaintiff submitted her claim for benefits on the day her husband died. (Defs.' Motion to Dismiss p. 5) There is no indication in the record that Plaintiff's claim for benefits was

---

[4] The Policy also provided that, if it were not reasonably possible to provide written proof within 90 days, "written proof must be given within 1 year of the time it is otherwise due." (Bachrach Dec. Ex. B) Because the facts alleged by Plaintiff in the Complaint do not indicate it was unreasonable for her to file written proof with the 90 day period, and Plaintiff did in fact file such proof with the 90 day period, Plaintiff was not eligible for this extension.

[5] Given that Wilbert Teal died on April 29, 2005, the Period commenced on that day and ended three years and 90 days later on July 28, 2008.

3

in any way deficient or faulty. Defendants wrote to Plaintiff notifying her of their final decision to deny benefits on October 27, 2006. (Bachrach Dec. Ex. C)

Plaintiff filed suit against the Defendants in New Jersey Superior Court on April 13, 2011, asserting claims of breach of contract, consumer fraud, emotional distress, and insurance claim wrongfully delayed or denied.(Defs.' Mot. to Dismiss p. 6) Defendants removed the case to this Court on June 6, 2011. Plaintiff filed a Motion to Remand on June 27, 2011, which was denied on August 1, 2011. Defendants filed this Motion to Dismiss on June 10, 2011.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations,

4

unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Defendants move to dismiss on the basis that Plaintiff's Complaint is time barred by the time limit contained in the Policy. Plaintiff argues that the limit should not be enforced against her because: (1) the New Jersey statute of limitations for actions sounding in contract allows for six years from the

5

time the cause of action accrued in which to file suit; (2) the Defendants engaged in fraudulent behavior by denying her claim for benefits; and (3) the language of the Policy was confusing. The Court finds that the time limit in the Policy is valid, and will therefore grant the Defendants' Motion to Dismiss.

Under New Jersey law, a plaintiff must file a lawsuit based on a breach of contract claim no more than six years after the accrual of the cause of action: "every action at law for. . . recovery upon a contractual claim or liability. . . shall be commenced within 6 years next after the cause of any such action shall have accrued." N.J.S.A. 2A:14-1. The six-year time limit to bring contractual actions also applies to insurance policies. *Azze v. Hanover Ins. Co.*, 765 A.2d 1093, 1097 (N.J. Super. Ct. App. Div. 2001). However, that limit can be shortened by the terms of an insurance contract. *James v. Fed. Ins. Co.*, 73 A.2d 720 (N.J. 1950); *Azze*, 765 A.2d at 1097. In order for a contractual time limit to be enforceable, it must be reasonable in that it must allow enough time for a plaintiff to consult an attorney and file a complaint. *See Alexander v. Anthony Int'l, L.P.,* 341 F.3d 256, 266 (3d Cir. 2003).

Here, the Period lasted three years and 90 days. Courts have found shorter contractual time limits to be reasonable. *See Gahnney v. State Farm Ins. Co.,* 56 F.Supp.2d 491, 495 (D.N.J. 1999)(finding a one-year contractual limitations period in an

6

insurance policy to be enforceable). Additionally, Plaintiff has not alleged that the time limit did not provide ample time for Plaintiff to seek counsel and file a Complaint. Accordingly, the provision was reasonable and enforceable.

In certain instances, courts may choose not to enforce otherwise valid contractual provisions. For example, if a provision violates public policy, courts will not require parties to conform to the terms of the contract. *A.J. Tenwood Associates v. Orange Senior Citizens Housing Co.* 200 N.J.Super. 515, 524 (App. Div. 1985). A court may also decline to enforce an otherwise valid time limit provision in an insurance contract if the consumer alleges the insurer engaged in fraud to prevent the consumer from filing suit before the contractual time period ended. *Sherwood Jewelers-Newark, Inc. v. Philadelphia Nat'l Ins. Co.* 102 F.Supp. 103 (D.N.J. 2011).

While Plaintiff does not allege that the time limit violated public policy, she does allege that Defendants engaged in consumer fraud by refusing to pay the benefits from the Policy. Under New Jersey law though, a refusal to pay benefits does not establish a cause of action under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. §§ 56:8-1 *et seq*, because "the mere denial of insurance benefits to which the plaintiffs believed they were entitled does not comprise an unconscionable commercial practice." *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161,

7

168 (3rd Cir.1998). *See also Richardson v. Standard Guar. Ins. Co.*, 371 N.J. Super 449, 470 (App. Div. 2004)(holding that claims for breach of contract do not establish actionable violations of the CFA); *Kuhnel v. CNA Ins. Companies*, 322 N.J. Super. 568, 581 (App. Div. 1999)(finding the scope of the CFA includes disputes over marketing or sale of policies, but not disputes over the receipt of benefits); *Pierzga v. Ohio Cas. Group of Ins. Companies*, 208 N.J. Super 40, 46 (App. Div. 1986)(acknowledging that a decision by an insurer to deny benefits does not create a claim under the CFA ). As Plaintiff's only allegation of fraud is based upon the Defendants' failure to pay the benefits of the Policy, the Plaintiff has not plead adequate facts to support a claim for fraud.

Finally, Plaintiff also argues that the language of the Policy was confusing and should be construed in her favor. However, the Court finds the language of the Policy to be clear and without ambiguity. As noted *supra*, the Period expired on July 28, 2008. Plaintiff filed suit on April 13, 2011, more than five years after the death of her husband, and more than 32 months after the expiration of the Period.

Plaintiff's Complaint was filed after the expiration of Period, thus the Complaint is barred as untimely.  Accordingly, Defendants' Motion to Dismiss will be granted.

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss will be granted. However, Plaintiff will be granted leave to file a Motion to Amend the Complaint within 30 days insofar as he wishes to assert claims not considered in this opinion or claims that would not be barred by the legal holdings the Court has made herein. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (providing that plaintiffs whose claims are subject to a Rule 12(b)(6) dismissal should be given an opportunity to amend their complaints unless amendment would be inequitable or futile). An appropriate Order accompanies this Opinion.

Dated: August 10, 2011

                                              s/ Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**